IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **LARRY G. TINSLEY,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:10-cv-00740 |
| | ) | |
| v. | ) | **JURY DEMAND** |
| | ) | |
| **ELAN FINANCIAL SERVICES,** | ) | |
| | ) | |
| Defendant. | ) | |

## INITIAL CASE MANAGEMENT ORDER

The parties submit, pursuant to L.R. 16.01, the Proposed Case Management Plan:

A. **JURISDICTION:**

Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

B. **BRIEF THEORIES OF THE PARTIES**

    1. **PLAINTIFF:**

Defendant sent Plaintiff correspondence on or about August 6, 2009 attempting to collect a debt for the amount of $7,610.55. In said correspondence, Defendant failed to identify the name of the original creditor and presented Plaintiff with only one option, payment of the alleged debt. Defendant failed to notify Plaintiff of his rights to dispute the debt and/or request verification of the debt. Had Defendant provided the proper notification to Plaintiff, Plaintiff would have been alerted to his rights to dispute the debt and to request verification of the debt.

Plaintiff alleges Defendant harassed, oppressed or abused Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d; made deceptive, false or misleading representations when attempting to collect a debt, in violation of 15 U.S.C. § 1692e; made false representations or using deceptive means to collect or attempt to collect a debt or obtain

information concerning Plaintiff, in violation of 15 U.S.C. § 1692(e)(10); used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f; failed to provide to Plaintiff, within five (5) days after the initial communication in connection with the collection of a debt, written notice advising him of his rights to dispute the debt and/or request validation, in violation 15 U.S.C. § 1692g; and acted in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

Plaintiff seeks actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount of up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from the Defendant herein.

2. **DEFENDANT:**

The August 6, 2009 correspondence at issue was sent by US Bank. Elan Financial Services is merely a name used by US Bank for certain transactions. Elan is not a separate company nor is it primarily engaged in debt collecting. The letter at issue was inadvertently printed and mailed on Elan letterhead as opposed to US Bank letterhead as intended. US Bank denies that any of the Federal statutes cited to or relied on by plaintiff apply to an entity collecting or attempting to collect their own debt. Accordingly, US Bank denies all allegations of wrongdoing or liability and believes that the plaintiff has failed to assert a cause of action upon which relief may be granted. US Bank further denies that it acted in a deceptive, improper or unlawful manner or that the letter at issue could be interpreted as such. Finally, US Bank asserts that any technical violation of the FDCPA that Plaintiff may be able to prove was unintentional and resulted from a bona fide error and that US Bank is therefore not liable for it pursuant to 15 U.S.C. § 1692k(c). Plaintiff remains indebted to US Bank for the account at issue and US Bank intends to file a counter claim seeking recovery of the owed amount.

C.  **ISSUES RESOLVED:**

Jurisdiction and Venue

D.  **ISSUES IN DISPUTE:**

Liability and Damages

E.  **INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to FED.R. CIV. P 26(a)(1) on or before November 1, 2010.

F.  **DISCOVERY:**

1.  The parties shall complete all written discovery and depose all fact witness on or before January 7, 2011.

2.  All discovery related motions shall be filed on or before January 14, 2011.

3.  Discovery is not stayed during dispositive motions, unless ordered by the Court.

4.  Local Rule 9(a)(2) is expanded to allow 40 interrogatories, including subparts.

5.  No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

6.  Pending any agreement by the parties to the contrary, the parties will comply with Administrative Order 174, except that the information required under that Order to be provided at or before the Rule 26(f) conference will be provided on or before November 1, 2010.

G.  **MOTIONS TO AMEND:**

The parties shall file all Motions to Amend on or before January 10, 2011.

H.  **JOINT MEDIATION REPORT:**

The parties shall file a joint mediation report on or before January 10, 2011.

I. **DISPOSITIVE MOTIONS:**

    1. The parties shall file all dispositive motions on or before February 1, 2011.

    2. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the Motion.

    3. Optional replies may be filed within ten (10) days after the filing of the response. Brief shall not exceed twenty 20 pages.

    4. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a Motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

J. **ESTIMATED TRIAL TIME:**

The parties expect the trial to last approximately 2 days. ~~At this time, the Court sets the trial to begin on March 1, 2010, with the pretrial conference scheduled to take place on February 15, 2010.~~

It is so **ORDERED**.

                                                  ALETA A. TRAUGER
                                                  U.S. District Judge

APPROVED FOR ENTRY:

/s/ Amy L. Bennecoff
Amy L. Bennecoff, Esquire
*Attorney for Plaintiff*


/s/ Robert R. Wingo
Robert R. Wingo, Esquire
Attorney for Defendant